**RAINES FELDMAN LITTRELL LLP**
Hamid R. Rafatjoo, State Bar No. 181564
*hrafatjoo@raineslaw.com*
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@raineslaw.com*
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
Telephone:   (310) 440-4100
Facsimile:   (310) 691-1367

Counsel for Reliant Life Shares, LLC, Debtor
and Debtor-In-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>RELIANT LIFE SHARES, LLC, a California limited liability company,<br><br>     Debtor and<br>    Debtor-In-Possession. | Case No. 1:24-bk-11695-MB<br><br>Chapter 11<br><br>**NOTICE OF MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 TO APPROVE STIPULATION RESOLVING MOTION TO DISMISS FILED BY THE JUDGMENT CREDITORS**<br><br>**Hearing Information:**<br>**DATE:  February 6, 2025**<br>**TIME:  1:30 p.m.**<br>**CTRM:  303, 21041 Burbank Blvd.**<br>     **Woodland Hills, CA 91367**<br><br>**[Zoom hearing instructions available on the Court's calendar at www.cacb.uscourts.gov]** |

**TO ALL PARTIES IN INTEREST:**

   **PLEASE TAKE NOTICE** that on **February 6, 2025, at 1:30 p.m.**, the Court is scheduled to hold a hearing on the motion ("Motion") of Reliant Life Shares, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), for an order approving the *Stipulation Resolving Motion to Dismiss Filed by the Judgment Creditors* (the

"Stipulation") that has been entered into between the Debtor, the Official Committee of Unsecured Creditors (the "Committee"), and judgment creditors Daniel Cooper and Richard Cooper, Trustee (together, the "Judgment Creditors"). **Parties who wish to attend the hearing may do so by Zoom pursuant to instructions available on the Court's calendar at www.cacb.uscourts.gov.**

<u>**SUMMARY OF THE SETTLEMENT**</u>

If approved, the Stipulation will resolve the Judgment Creditors' motion to dismiss the Debtor's bankruptcy case, the adversary action filed by the Committee against the Judgment Creditors, the removal of the state court proceeding, and related issues and will pave the way for the Debtor's chapter 11 plan. The Stipulation resolves the amount of the Judgment Creditors' claim against the Debtor and how it will be paid and does so in a way that the Debtor's unsecured creditors will share in recoveries sooner than they might otherwise have. It will reduce the legal fees being spent in disputes with the Judgment Creditors, eliminate a degree of uncertainty in the Debtor's restructuring process, and enable the Debtor to focus on the stabilization and preservation of the life insurance portfolio.

A more detailed summary of the factual background and relief sought is as follows:

<u>**GENERAL BACKGROUND OF THIS CASE**</u>

A.      <u>**Events Leading to the Filing of the Chapter 11**</u>

The filing of this case was precipitated by the need for one forum to resolve the competing interests of (1) the Judgment Creditors, one of whom was a former owner of the Debtor, and who assert a lien against certain assets of the Debtor and (2) the investors holding fractional beneficial interests in life insurance policies held by a series of sub-trusts, some of whom have litigation pending against the Debtor. The Debtor is the grantor of the trusts.

In 2023 and after several years of judgment enforcement efforts, the judgment creditor sought the appointment of a receiver from the Los Angeles Superior Court (the "State Court"). The State Court appointed the Receiver, an expert in the life settlement field, as the receiver. Although the Receiver's role was initially limited, as discussed below, it expanded over the

NOTICE

course of two months and in August 2023, the State Court vested the Receiver with sole

authority to act on behalf of the Debtor and suspended the authority of all members, officers,

directors, and employees.

The Receiver found that the Debtor had no operating bank account, no access to

accounting records because access had been turned off for nonpayment, and life insurance

policies that had already lapsed or were on the verge of lapsing, to the detriment of all

involved.  The Receiver worked to stabilize the portfolio but, after a year in the receivership,

his plan to pool the assets of the sub-trusts into one trust and reallocate beneficial interests was

opposed by the Judgment Creditors, who sought an order from the State Court to require

payments to be made to the Judgment Creditor, an assignment of forfeited interests in the sub-

trusts, and an order requiring the Receiver to pay the premiums associated with those forfeited

interests, although the Receiver had no ability to do so.  The State Court had not yet ruled on

these requests.  Because the Bank of Utah, the trustee of the trust, wanted to resign as trustee,

the Receiver exercised the authority granted him by the Receivership Order and formed the

Reliant Life Shares Receivership Statutory Trust with Odyssey Transfer & Trust as the trustee,

and this trust now owns all but one of the policies.

Although the Receiver was initially a limited receiver with limited powers, by August

2023, the scope of his appointment evolved into that of an equity receiver with sole authority

to act on behalf of the Debtor, to the exclusion of the Debtor's members, officers, directors,

and employees.  As an equity receiver, the receiver bore a fiduciary obligation to all of the

Debtor's creditors, not just the Judgment Creditors.  The Judgment Creditors had long ignored,

and continued to ignore, the fact that the Debtor does not own the life insurance policies:  the

sub-trusts do.  The Debtor's clients are, in turn, the beneficiaries of those sub-trusts.  The

clients are also creditors of the Debtor because they signed a contract with the Debtor when

they invested with the Debtor.

In the meantime, various clients of the Debtor who are or were beneficiaries of the sub-

trusts of the Trust have sued the Debtor and other parties in state and federal court for various

NOTICE

fraud, breach of fiduciary duty, and elder abuse claims, and expressed concern to the Receiver that the Judgment Creditors' efforts sought to eviscerate any value associated with their beneficial interests in the sub-trusts.  Although their interests were being impacted by the Judgment Creditors' judgment enforcement efforts, the clients were not parties in that litigation and were not given the opportunity to assert their interests.  There are also a couple of other significantly smaller judgment liens against the Debtor.

Because of the competing positions and in recognition of the fact that he was a fiduciary to all creditors of the Debtor and so that all claims and assets could be dealt with in one forum instead of multiple forums, the Receiver determined that placing the Debtor into a chapter 11 case would be in the best interests of all parties.

As set forth in more detail in the Debtor's opposition to the Judgment Creditors' motion to dismiss the Debtor's case, as the sole person authorized to act on behalf of the Debtor, the Receiver amended the Debtor's articles of organization to make the Debtor a manager-managed limited liability company instead of a member-managed liability company and to formally remove Scott Grady as the manager.  The Debtor filed Restated Articles of Organization with the California Secretary of State.  The Receiver then retained Nathan Cook of Teneo as the independent manager of the Debtor.  In his role as the independent manager, Mr. Cook then signed the engagement agreements for Force 10, Stretto, and Raines Feldman Littrell with their retainers paid from funds that were derived from the proceeds from the sale of three insurance policies pursuant to an order of the State Court.  The Debtor filed its case on October 7, 2024 (the "Petition Date").

**B.      Disputes with the Judgment Creditors During the Bankruptcy Case**

Because there was sufficient interest among creditors in serving on a committee of unsecured creditors, the Office of the United States Trustee formed the Committee.

Shortly after that, the Judgment Creditors filed a motion to dismiss the Debtor's bankruptcy case (the "Dismissal Motion"), arguing that the Receiver did not have the requisite authority to cause the Debtor to file the chapter 11 petition.  The Debtor and the Committee

NOTICE

opposed the Dismissal Motion.  After oral argument by the Judgment Creditors, the Court

agreed to adjourn the hearing in order to permit the parties to engage in settlement discussions.

The same day as that initial hearing, the Committee filed a complaint against the Judgment

Creditors seeking equitable subordination of their judgment to the claims of unsecured

creditors and seeking damages for various other causes of action, including breach of contract,

unjust enrichment, avoidance and recovery of fraudulent transfers, and disallowance of their

claim.  The Judgment Creditors have not yet responded to the complaint.

   In addition, the Debtor removed the State Court Action to the Bankruptcy Court.

   After the initial hearing, settlement discussions ensued and resulted in the Stipulation, a

copy of which is attached to the Motion.

**SUMMARY OF THE STIPULATION**

   Subject to the approval of the Court, the Stipulation provides for the following:[1]

   (1)  The Dismissal Motion will be withdrawn with prejudice.  For purposes of the

Stipulation, the Judgment Creditors have agreed to no longer contest the Debtor's authority to

file the chapter 11 petition and to not object to any ratification of the bankruptcy filing by any

applicable court;

   (2)  The Judgment Creditors will be allowed a secured claim of $5 million (the

"Cooper Secured Claim") and an unsecured claim of $10 million (the "Cooper Unsecured

Claim").  Unless unsecured creditors are paid in full, the Judgment Creditors recovery on

account of these two claims shall not exceed $10 million.  If the Debtor's case is a surplus case

because unsecured claim have been paid in full under 11 U.S.C. § 726(a)(1)-(4), then the cap

on recovery will not apply and the Judgment Creditors will share in recoveries until their

judgment is paid in full.  The Cooper Secured Claim and the Cooper Unsecured Claim will not

be subject to objection, reduction, or recharacterization, and the Judgment Creditors do not

need to file a proof of claim.

---

[1] In the event of an inconsistency between the Stipulation and the summary in this Motion, the
Stipulation shall control.

       NOTICE

(3)     The Debtor's bankruptcy estate (the "Estate") will receive the first $1.5 million in Excess Cash, which is defined as the past-due premiums due as of the Petition Date (estimated to have a face value of approximately $7 million), recoveries from claims or causes of action brought or settled by the Debtor or the Committee, and proceeds from the maturity or sale of the unallocated, forfeited, or retained shares of the life insurance policies that are held by either the Reliant Life Shares Statutory Trust dated as of March 16, 2023, or the Reliant Life Shares Receivership Statutory Trust dated June 27, 2024;

(4)     The Cooper Unsecured Claim will share pro rata with other allowed general unsecured claims, subject to any applicable cap on recovery as set forth above;

(5)     The Cooper Action filed by the Committee will be dismissed with prejudice;

(6)     The Judgment Creditors will not oppose and will vote in favor of any chapter 11 plan that proposes treatment of the Cooper Secured Claim and the Cooper Unsecured Claim that is consistent with the Stipulation;

(7)     The Judgment Creditors, on the one hand, and the Debtor and the Committee, on the other hand, will exchange mutual general releases of all claims other than obligations arising under the Stipulation.  However, if the Cooper Secured Claim is not paid in full, the releases will be of no further force or effect;

(8)     If a chapter 7 or chapter 11 trustee is appointed, the Stipulation will be binding upon them; and

(9)     After the Court has an opportunity to ratify the Receiver's actions in causing the Debtor's bankruptcy case to be filed, the State Court Action will be remanded to the State Court as to all judgment debtors other than the Debtor.  This Court will retain jurisdiction over the portion of the Removed Action that pertains to the Debtor.

## THE STIPULATION IS IN THE BEST INTERESTS OF THE ESTATE

As set forth in greater detail in the Motion and the supporting declaration of Nicholas D. Rubin, the Debtor and the Committee believe that the Stipulation is in the best interests of

NOTICE

the Debtor's creditors, is fair and equitable, and a proper exercise of the Debtor's business judgment.  It resolves a myriad of disputes with the Judgment Creditors and represents a fair compromise by the parties.

The issue presented in the Dismissal Motion requires an interpretation of an order of the State Court regarding the scope of the Receiver's authority and the ultimate resolution of the dispute would have been dismissal of the Debtor's case, which the Debtor believes would harm creditors other than the Judgment Creditors, or this Court's retention of jurisdiction over the case, either because its interpretation supported the Debtor's position or because it ratified the Receiver's actions in causing the Debtor to file this case.  Either way, uncertainty would have continued as would the increase in legal fees for litigating the issue.

With respect to the equitable subordination claim, although the Debtor and the Committee believe that the facts and the law support the relief that they were seeking, the Judgment Creditors would have disagreed and asserted defenses. The legal fees to litigate the issues would be significant, as would the delay in the administration of the case, and the outcome would not be guaranteed.  Similar uncertainty surrounded the other claims.

In addition to eliminating the uncertainty and the increased legal fees described above, the settlement benefits all other creditors.  If the Committee were to litigate the claims against the Judgment Creditors and lose, then the Judgment Creditors would have had a lien against the Excess Cash in excess of $10 million, and this amount would have to be paid in full before the unsecured creditors received any distribution from the Estate.  The settlement enables the Estate to retain the first $1.5 million and then splits the Excess Cash equally between the Estate and the Judgment Creditors until the Cooper Secured Claim is paid in full.  After the Cooper Secured Claim is paid in full, then the Excess Cash is available for the Estate and for *pro rata* distribution to allowed general unsecured claims, including the Cooper Unsecured Claim.  Thus, unsecured creditors share in the Excess Cash sooner than they would if the Judgment Creditors prevailed in defending the Committee's lawsuit.

NOTICE

Because the Judgment Creditors are required to support any plan proposed by the Debtor that is consistent with the Stipulation, it will also reduce the legal fees that would otherwise have been incurred responding to the objections the Judgment Creditors would likely have raised, and it provides a greater degree of certainty to the outcome of the Debtor's case.  It also ensures that the Judgment Creditors will not object to other motions filed by the Debtor to facilitate its reorganization.

For all of these reasons, both the Debtor and the Committee believe that the Stipulation represents a positive outcome for the Estate that will inure to the benefit of all of the Debtor's creditors.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion is available from the Court or by contacting jfisher@raineslaw.com.

**PLEASE TAKE FURTHER NOTICE that pursuant to the *Order Granting Oral Application for Order Setting Hearing on Motion to Approve Compromise with Daniel Cooper and Richard D. Cooper on Shortened Notice,* any opposition to the relief sought in the Motion must be filed with the Court and served on counsel for the Debtor no later than February 4, 4025.  Failure to timely oppose the Motion may be deemed by the Court to be consent to the granting of the relief sought in the Motion.**

Respectfully submitted,

DATED:  January 28, 2025         **RAINES FELDMAN LITTRELL LLP**


By:   */s/ Kyra E. Andrassy*
      HAMID R. RAFATJOO
      KYRA E. ANDRASSY
      Counsel for Debtor and Debtor-in-Possession

NOTICE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 TO APPROVE STIPULATION RESOLVING MOTION TO DISMISS FILED BY THE JUDGMENT CREDITORS** will be served or was  served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **1/28/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **1/28/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **1/28/2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **1/28/2025** | Ja'Nita Fisher | */S/ Ja'Nita Fisher* |
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                 **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kyra E Andrassy**   kandrassy@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Russell Clementson**   russell.clementson@usdoj.gov
- **Thomas G Foley**   tfoley@foleybezek.com, cwalker@foleybezek.com
- **Jon F Gauthier**   jgauthier@ftblaw.com, jrobinson@ftblaw.com
- **Michael Goch**   gochmichael@aol.com
- **Jeffrey I Golden**   jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Bernard M Hansen**   bernardmhansen@sbcglobal.net
- **John Owen Murrin**   jmurrin@murrinlawfirm.com
- **Steven M Olson**   smo@smolsonlaw.com, jacob.faircloth@smolsonlaw.com
- **Hamid R Rafatjoo**   hrafatjoo@raineslaw.com, bclark@raineslaw.com;jfisher@raineslaw.com
- **Jonathan Seligmann Shenson**   jshenson@greenbergglusker.com,
  calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com
- **Ira Steinberg**   isteinberg@greenbergglusker.com
- **Christopher Stevens**   cms@cmoorestevens.com
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov
- **Robert M Yaspan**   court@yaspanlaw.com, tmenachian@yaspanlaw.com

2. **SERVED BY UNITED STATES MAIL**:

E- Substance Ltd
16830 Ventura Blvd.
Suite 620
Encino, CA 91436

Los Angeles County Tax Collector
225 North Hill St.
Rm 122
Los Angeles, CA 90012

Mikhail Finkelbaum
18425 Burbank Blvd.
Suite 712
Tarzana, CA 90212

Committee of Unsecured Creditors:

Gwendalyn Douglas
Executor for estate of Raymond Douglas
225 Miramonte Road
Walnut Creek, CA 94597

Melissa H. Foland
11784 Bloomington Way
Dublin, CA 94568

Kailesh Karavadra
1653 Via Di Salerno
Pleasanton, CA 94566

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                  **F 9013-3.1.PROOF.SERVICE**

My Thi Nguyen
c/o John D. Nguyen
550 W. Orangethorpe Ave.
Placentia, CA 92870

Craig Patrick Sherreitt
22 San Julian
Rancho Santa Margarita, CA 92688

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**